





**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed February 01, 2013**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AMERICAN HOUSING FOUNDATION, | § | Case No. 09-20232-RLJ-11 |
| | § | |
| | § | |
| Debtor. | § | |
| WALTER O'CHESKEY, Trustee, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 12-02016 |
| | § | |
| STERQUELL PSF SETTLEMENT, L.C., | § | |
| | § | |
| Defendant. | § | |
| STERQUELL PSF SETTLEMENT, L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 12-02026 |
| | § | |
| WALTER O'CHESKEY, Trustee of the AHF | § | |
| Liquidating Trust, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Sterquell PSF Settlement, L.C. ("PSF") has filed a motion seeking dismissal [Docket No. 8, Adversary No. 12-02016] ("Motion to Dismiss") and a motion seeking remand or abstention [Docket No. 21, Adversary No. 12-02016] ("Motion to Remand/Abstain"). Walter O'Cheskey, the chapter 11 trustee for American Housing Foundation, Inc. [Case No. 09-20232-11] ("AHF") and the trustee of the AHF Liquidating Trust (the "Trustee"), has filed his responses opposing the Motion to Dismiss and the Motion to Remand/Abstain. Both the Motion to Dismiss and the Motion to Remand/Abstain are principally based on PSF's contention that the Court, as a federal bankruptcy court, does not have subject matter jurisdiction of the dispute here. By the Motion to Remand/Abstain, PSF seeks, as an alternative to dismissal, abstention under both the mandatory abstention provision (28 U.S.C. § 1334(c)(2)) and the discretionary abstention provision (28 U.S.C. § 1334(c)(1)).

The Trustee commenced Adversary No. 12-02016 by filing his *Complaint to Determine Interests in DCTIRZ, LLC* on July 18, 2012. The suit seeks the Court's determination of the respective interests of the AHF Liquidating Trust and PSF in the entity DCTIRZ, LLC, a Texas limited liability company ("DCTIRZ"). Just over two months later, on September 24, 2012, PSF filed its *Plaintiff's Original Petition* in the 320th District Court of Potter County, Texas, which action seeks a determination of the "ownership of the capital, profits and losses of DCTIZ [*sic*]." The Trustee removed such state court action to this Court where it pends as Adversary No. 12-02026. The Trustee has also moved to consolidate the two adversary proceedings—12-02016 and 12-02026—as they both concern the same parties (and attorneys) and the same factual and

legal issues. *See Trustee's Motion for Consolidation of Certain Adversary Proceedings* [Docket No. 9, Adversary No. 12-02016; Docket No. 4, Adversary No. 12-02026].

The central issue raised by the pleadings—the complaint in 12-02016 and the removed petition in 12-02026—concerns the relative rights as between the parties—the AHF Liquidating Trust and PSF—in DCTIRZ. The parties advise the Court that this determination is a function of the *amount* of the capital contributions made and not the relative ownership interests.[1]

The bankruptcy courts' jurisdiction derives from the district courts' jurisdiction. The district courts have jurisdiction of civil proceedings *arising under* or *arising in a* title 11 case, and those proceedings *related to* a bankruptcy case. 28 U.S.C. § 1334(b).

The dispute here will be decided by state law. The facts and circumstances that define the dispute arose prior to the filing of the AHF bankruptcy case. As such, the claims here are not "arising-under" claims as they are not created or determined by any provision of the Bankruptcy Code. *See In re Heritage Org., L.L.C.*, 454 B.R. 353 (Bankr. N.D. Tex. 2011). They likewise do not "arise in" a bankruptcy case as they are not based on any right expressly created by the Bankruptcy Code; they are, instead, based on claims that arose outside the context of the AHF bankruptcy proceeding. *See id*. The Trustee is not, for example, seeking a recovery pursuant to rights given him as a trustee under § 544 of the Bankruptcy Code. As a result, this suit is at most "related to" the AHF bankruptcy case. *See* 28 U.S.C. § 1334(b). Related-to jurisdiction exists if "the outcome of [the] proceeding could *conceivably* have any effect on the estate being

---

[1]The representative of PSF, Robert Templeton, represented to the Court at the hearing on these motions that PSF does not dispute that AHF had at least a 30% interest in DCTIRZ. Mr. Templeton is an attorney and made this representation in such capacity. The Court relies on such representation in connection with this Memorandum Opinion. In addition, with respect to the amount of the contribution made *by AHF*, an issue exists as to whether a $402,526 check issued to DCTIRZ was made by AHF or an affiliated entity, AHF Development, Ltd., and whether such amount was a capital contribution or a loan. Prior rulings of this Court may impact these issues.

administered in bankruptcy." *Heritage*, 454 B.R. at 360 (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.6 (1995)). "[A]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and . . . in any way impacts upon the handling and administration of the bankruptcy estate." *Id*. (quoting *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 752 (5th Cir. 1995)). As an aside, the Court observes that 28 U.S.C. § 157(b)(2), and specifically subparagraph (O) of such subsection, cannot be construed to make the present dispute a *core* (arising-under or -in) proceeding.[2] The listing of "core" proceedings at § 157(b)(2) cannot expand the Court's jurisdiction as defined at § 1334(b). *See* 1 Collier on Bankruptcy ¶ 3.02[3][d][ii] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

The foregoing analysis means the Court must abstain in accordance with 28 U.S.C. § 1334(c)(2). PSF's motion was timely made, and the dispute is wholly state-law based; under the circumstances, this action is at most a "related-to" proceeding over which there is no other basis for federal court jurisdiction. The Court assumes that the matter can be timely heard and decided in state court. It is, therefore,

ORDERED that the Court hereby abstains from hearing the adversary proceeding in Adversary No. 12-02016; it is further

ORDERED that Adversary No. 12-02016 is hereby joined with Adversary No. 12-02026 and remanded to the 320th District Court of Potter County, Texas.

---

[2]Section 157(b)(2)(O) of 28 U.S.C. includes as a core proceeding "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims."

### End of Memorandum Opinion and Order ###